In the Matter of the Claim of SHIRLEY STANG, Respondent, against J. PECHMAN & Co., INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 5, 1959.

*Bliss & Bouck (F. Walter Bliss of counsel), for appellants.*

*Finn, Rebecchi, Winnie & Matis for claimant-respondent.*

*Louis J. Lefkowitz, Attorney-General (Gilbert M. Landy and Roy Wiedersum of counsel), for Workmen's Compensation Board, respondent.*

REYNOLDS, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding death benefits to the widow of the deceased employee.

The decedent was an assistant to the president of the employer corporation and as such performed various clerical duties which consisted mainly of preparing bills and invoices. He had not worked on Thursday and Friday, September 20 and 21, 1956,

because they were Jewish holidays. The claimant, his widow, testified that on September 21 he had complained of pain which he felt was indigestion. He returned to work on Monday, September 24 and it appears that on that day and the following day the office was somewhat busier than usual because Thursday and Friday of that week were also Jewish holidays and it was the practice to have the invoices out by the first of the month. On September 24 the decedent worked until about 8:00 P.M., the usual quitting time being about 7:00 P.M. At home he again complained of an indigestion pain and had trouble sleeping that night. He again complained of pains on his way to work on the morning of September 25. That morning he was told that a number of invoices which he had already done would have to be changed because of a change of prices. It appears that this somewhat disturbed the decedent who said this extra work could be avoided by prior investigation. Such changes in prices were not unusual and happened occasionally. The decedent remained working at his desk for about 15 minutes when he got up and walked out into a hallway and it was then discovered that he wasn't feeling well. A physician was called who advised the decedent to go to the hospital but instead he went back to work and in about a half hour he suffered another attack and an ambulance was called to take him to the hospital. The decedent died on September 28 due to a myocardial infarction.

It is clear that the decedent had a pre-existing arteriosclerotic condition. It was also brought out that he was a hypertensive individual and that he was a very nervous and excitable man who took his work seriously. Two physicians testified that there was a relationship between the emotional stress and pressure of decedent's work on September 25 and his death, while three physicians testified there was no connection. The board in affirming the Referee's award of death benefits found that "due to the unusual exertion, stress, strain and the emotional episode, he was caused to suffer a coronary occlusion and acute posteroseptal infarction which resulted in his death on September 28, 1956."

When an award in a heart case is based on the unusual strain or exertion of the deceased employee albeit his regular activity it must nevertheless be shown that this activity was more than ordinary wear and tear of life and that the heart attack was caused by this "unusually hard" work (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 326). Clearly such clerical work as the decedent was performing did not require of him more exertion than the ordinary wear and tear of life.

The board found emotional strain resulting from an "emotional episode". This episode was apparently the fact that some changes or errors had been brought to the decedent's attention which he would have to correct. Such occurrences were described as happening frequently and at least were not unusual. The strongest characterization of the decedent's condition at that time was that he was "upset".

The respondent has cited a number of cases involving awards based on emotional disturbances. In those cases involving emotional stress it was of a much greater degree than any involved herein, involved some physical exertion or was very close to fright if not such—e.g., boiler explosion (*Butkus* v. *Berzetes*, 216 App. Div. 777); attempting to avoid a collision (*Matter of Wiltcher* v. *National Transp. Co.*, 283 App. Div. 977) and strenuous cross-examination (*Matter of Church* v. *Westchester County Park Comm.*, 253 App. Div. 859). In those cases there was also something besides the ordinary activity of the job involved.

The respondent also maintains the award can be sustained on the authority of a line of cases where the employee resumed his work after the initial attack. In those cases (*Matter of Carlin* v. *Colgate Aircraft*, 276 App. Div. 881, affd. 301 N. Y. 754) and similar cases, however, the employees had been engaged in strenuous physical exertion and when they resumed their work they resumed this physical exertion and they are, therefore, clearly distinguishable from the present case.

Therefore, we must conclude that the finding of an accident arising out of and in the course of the employment and resulting in death is not sustained by substantial evidence.

Decision and award should be reversed, with costs to appellants against the Workmen's Compensation Board.

Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.

Decision and award reversed, with costs to appellants against the Workmen's Compensation Board.